**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RAMON MARTINEZ,**

                           **Plaintiff,**

  vs.                                                 **9:15-cv-1428**
                                                          **(MAD/ATB)**

**OFFICER MORTON,** *Mid-state*
*Correctional Facility,*

                           **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**RAMON MARTINEZ**
**97-A-0090**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **AIMEE M. COWAN, AAG**
**STATE ATTORNEY GENERAL**
Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2465
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On December 2, 2015, Plaintiff *pro se* Ramon Martinez ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections, filed a complaint (the "Complaint") in the Northern District of New York against Defendant Morton ("Defendant") pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1-2 at 1.[1] The Complaint asserted that Defendant assaulted Plaintiff in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See id.*

_____

[1] The cited page numbers for docket entries in this Order refer to those assigned by the Court's electronic filing system ("ECF").

at 5.

The alleged assault occurred on April 23, 2015, while Plaintiff was an inmate at Midstate Correctional Facility ("Midstate"). *See* Dkt. No. 1 at ¶ 6. Plaintiff alleges that while he was cleaning a bathroom, Defendant "grabbed [Plaintiff] by the neck, . . . slammed his head against the wall, maybe twice . . . . [and] tried to force [P]laintiff's head into [an empty] sink." Dkt. No. 42 at 11. After the incident, Defendant denied Plaintiff permission to speak with a sergeant. *See id.* Further, Plaintiff was not seen by medical personnel until May 21, 2015, where his injury was photographed documented. *See id.*

On July 5, 2017, Defendant filed a motion for summary judgment. *See* Dkt. No. 33. On August 30, 2017, Plaintiff filed a response in opposition. *See* Dkt. No. 38. On September 9, 2017, Defendant filed a reply. *See* Dkt. No. 39. On October 6, 2017, Magistrate Judge Baxter issued a Report-Recommendation recommending that the Court grant Defendant's motion for summary judgment. *See* Dkt. No. 42.

After examining the record, Magistrate Judge Baxter concluded that the alleged assault did not constitute excessive force. To establish an Eighth Amendment excessive force claim, a plaintiff must satisfy both objective and subjective elements. *See Blyden v. Macusi*, 186 F.3d 252, 262 (2d Cir. 1999). Under *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992), *de minimis* use of force does not satisfy the objective element of an Eighth Amendment claim, "provided that the use of force is not of a sort repugnant to the conscience of mankind." Further, as the Report-Recommendation noted, "[a]lthough the lack of injury is not fatal to an excessive force claim, the extent and nature of an injury, if any, '"is probative of the amount and type of force actually used . . . and that in turn is likely to reflect on the reasonableness of that force[.]"'" Dkt. No. 42 at 11 (quoting *Cunningham v. McCluskey*, No. 05 Civ. 10169, 2011 WL 2791336, *7 (S.D.N.Y. June 22, 2011) (quoting *Yang Feng Zhao v. City of New York*, 656 F. Supp. 2d 375, 390 (S.D.N.Y.

2

2009))).

Magistrate Judge Baxter noted that the only actual offensive action was Defendant allegedly holding Plaintiff's neck in a stranglehold and slamming his head against the wall twice. *See* Dkt. No. 42 at 11. Although Plaintiff did not pursue medical treatment immediately, the photographs and medical examination he received on May 21, 2015, showed no visual sign of "'injuries, cuts, marks [or] bruises.'" *Id.* at 13. Magistrate Judge Baxter found no evidence to support Plaintiff's claim that Defendant prevented him from seeking medical attention earlier. *See id.* at 12. Further, "Plaintiff himself testified at his deposition that he was not 'injured' on April 23, 2015." *Id.* at 13. These facts led Magistrate Judge Baxter to conclude that the force was *de minimis* and not of the sort repugnant to the conscience of mankind. *See id.* Magistrate Judge Baxter noted that there have been multiple decisions granting summary judgment to defendants in cases with similar facts. *See id.* at 14. Thus, Magistrate Judge Baxter concluded that the claim failed the objective prong of excessive force analysis. *See id.*

Magistrate Judge Baxter also noted that "it is unlikely that any use of force occurred at all." *Id.* However, this determination was "secondary to the court's findings." *Id.* at 16.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

Here, Plaintiff did not submit objections to Magistrate Judge Baxter's Report-Recommendation. A litigant's failure to file objections to a magistrate judge's report-

3

recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Baxter's October 6, 2017, Report-Recommendation, the record, and the applicable law, the Court concludes that Magistrate Judge Baxter correctly recommended that the Court should grant Defendant's motion for summary judgment and enter judgment in Defendant's favor.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 42) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 33) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 1, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge